## HORACE ROPER v. STATE.

No. A-7587.  Opinion Filed Oct. 25, 1930.
(292 Pac. 875.)

Jesse H. Dunn, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Murray county of the crime of assault and battery, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for 30 days.

The defendant raises but two questions:

First, that the court erred in overruling defendant's motion to direct the jury to acquit the defendant upon the ground that the opening statement of the county attorney was insufficient to state an offense against the defendant or to entitle the state to proceed further with the trial of the case.

Section 2687, C. O. S. 1921, provides:

"The jury having been impaneled and sworn, the trial must proceed in the following order:

"First. If the indictment or information is for a felony, the clerk or county attorney must read it, and state the plea of the defendant to the jury. In other cases this formality may be dispensed with.

"Second. The county attorney, or other counsel for the state, must open the case and offer the evidence in support of the indictment or information.

"Third. The defendant or his counsel may then open his defense, and offer his evidence in support thereof."

The record discloses that the county attorney read the information to the jury, and thereupon said: "Gentlemen of the jury, as to this charge the defendant has plead not guilty, and now it comes on for you to hear the testimony and consider the instructions of the court and base your verdict on that."

While it is the practice for county attorneys to make an extended statement to the jury of the facts which the state expects to prove, the only mandatory requirement is that the information shall be read and the plea of the defendant to the information stated to the jury after they have been impaneled and sworn and before the state introduces its evidence. The opening statement of the county attorney being sufficient, the court properly overruled defendant's motion to direct the jury to return a verdict of not guilty.

Defendant for his second ground of error contends that the court erred in rejecting competent testimony offered by the defendant. The record discloses that, while several objections were made to the rulings of the trial court upon the admission of certain evidence and exceptions saved thereto, the defendant made no showing as to what the witnesses would have testified had the court permitted the questions to be answered.

In Cheeves v. State, 18 Okla. Cr. 480, 196 Pac. 726, in paragraph 6 of the syllabus, this court said:

"In order to preserve an available objection to the exclusion of testimony, a proper question must be asked, and when objection thereto is sustained, an offer must be made showing what testimony will be given if the witness is permitted to answer. This is proper, in order to enable the trial court to determine whether the testimony is competent, and is necessary to present any question on appeal." Francis v. State, 22 Okla. Cr. 287, 211 Pac.

433; Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021; Maloon v. State, 38 Okla. Cr. 34, 259 Pac. 173.

In view of the fact that the record in this case does not disclose what the evidence would have been had the witness been permitted to answer, no question is reserved for review on appeal by this court.

There being no merit in any of the objections of the defendant, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.