## SIDNEY THOMPSON v. STATE.

No. A-7798.    Opinion Filed July 22, 1931.
(1 Pac. [2d] 811.)

Amos T. Hall, Wm. B. Thompson, and H. A. Guess (Kight, Johnson & Kight, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Ed. Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.    Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for four years.

The evidence of the state was that on the 4th day of June, 1929, the defendant and deceased engaged in a

quarrel over the larceny of an automobile tire; the deceased accused the defendant of stealing the tire and brought him to the place of the homicide for identification; that when defendant was not identified, thereupon deceased said: "If you don't like what I said about the tire, there is nothing between us." That deceased had a jacket on one arm and the other hand raised, and that after he was shot he went over to a bench near by and fell. One witness testified that at the time the shot was fired deceased had his arms folded.

The evidence of defendant was that the deceased had made threats against his life, which were communicated to him, and that at the time the fatal shot was fired the deceased moved his hand down by his side and defendant thought deceased was going for his pistol; that defendant drew his pistol and, it being an automatic, it began to shoot.

Defendant contends first that this evidence is insufficient to support the verdict of the jury.

The homicide being established by the state and admitted by the defendant, it then devolved upon the defendant to show facts of mitigation or excuse sufficient to raise a reasonable doubt of his guilt, unless such mitigation or excuse is established by the evidence of the state.

The jury are the sole triers of the facts and the exclusive judges of the credibility of the witnesses and the weight to be given to their evidence. It is for them to determine who testified to the truth and who did not.

The evidence being sufficient to support the verdict of the jury, the trial court did not err in overruling defendant's demurrer to the same.

Defendant next contends that he was prevented from having a fair and impartial trial because of the prejudicial remarks and conduct of counsel for the state.

Defendant and deceased were both Negroes. Friends of the deceased apparently employed special counsel to assist the county attorney in the prosecution of the case, and particular complaint is made of the closing argument of special counsel.

Defendant's counsel contended that counsel had said that one of the judges of this court had asked him to assist in the case. Thereupon counsel said he wished to correct that by saying a member of the county attorney's office had asked him to assist in the case. This statement was objected to by defendant's counsel, and the court sustained the same and told the jury to disregard that portion of the argument.

Thereafter, defendant's counsel objected to the statement of Mr. Houser, assistant county attorney, that the record showed the case was set for trial on the 25th, and that praecipe for the witness Willie Pressley was not filed until the 23d day of September. Counsel for defendant objected to this statement and moved to withdraw it from the consideration of the jury, which motion was denied by the court.

In view of the fact that the trial court promptly admonished the jury to disregard the statement of counsel that the county attorney had asked him to assist in the case, the defendant was not prejudiced by such statement.

Defendant next complains that the court erred in excluding competent evidence offered by the defendant.

The particular exclusion of evidence of which the defendant complains is that of Mrs. Lucy Thompson. She

was asked if she knew the reputation of the deceased in regard to carrying firearms. She was not asked what his general reputation was in the community in which he lived in this regard. When objection was sustained by the court, the defendant did not offer to show what the answer of the witness would be if she were allowed to testify.

In Roper v. State, 49 Okla. Cr. 21, 292 Pac. 875, this court said:

"In order to reserve an available objection to the exclusion of evidence, a proper question must be asked, and, on objection thereto, an offer must be made at the time, showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all the facts necessary to establish its admissibility."

Defendant complains of other errors, but they are without substantial merit.

No substantial errors having been committed upon the trial of the case and the evidence being sufficient to sustain the verdict, the cause is affirmed.