Jimmy Lee BLEVINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14241.

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Kenneth Lee Brooks, pro se.
No response by Attorney General.

Yonne P. McDaniel, Mangum, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge:

Plaintiff in Error, hereinafter referred to as defendant, was charged in District Court of Greer County, Oklahoma on July 27, 1966 with the crime of murder. He was arraigned in District Court on August 18, 1966, where he appeared in person, and with counsel, and entered a plea of not guilty. On December 12, 1966 the defendant again appeared before the District Court in person, and with counsel, when he withdrew his plea of not guilty and entered a plea of guilty to the lesser offense of Manslaughter in the First Degree.

On December 16, 1966 the defendant appeared in person, and with counsel, and with the State being represented by the County Attorney of Greer County, the court heard defendant's evidence in mitigation of punishment, and at which hearing the State was offered the opportunity to present evidence in aggravation of punishment for the court's consideration, prior to rendering judgment and sentence.

At the conclusion of said hearing on December 16, 1966 the court passed judgment and sentence upon the defendant and sentenced him to thirty (30) years in the State Penitentiary.

Defendant's appeal to this Court offers one proposition in which it is contended that the sentence imposed by the trial court is excessive. The record reflects that the State did not offer any evidence in aggravation of punishment at the December 16 hearing, so we must presume that the trial judge considered defendant's evidence in mitigation when less than the maximum punishment was imposed. As this Court said in Johnson v. State, Okl. Cr., 386 P.2d 336, that,

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court." Cited and quoted in LaRue v. State, Okl.Cr., 404 P.2d 73.

After considering the facts of this case we are convinced that the sentence imposed is not excessive, notwithstanding the fact that defendant testified at the special hearing on December 16, that the fight between him and his deceased cellmate was commenced by the deceased. We believe the trial judge took such testimony into consideration when he imposed judgment and sentence, and for that reason imposed less than the maximum sentence allowed by law.

We are therefore of the opinion that the judgment and the sentence of the trial court should be, and the same is therefore
Affirmed.

NIX, P. J., and BUSSEY, J., concur.