Arvin Truitt WOOD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–230.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Arvin Truitt Wood, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–72–2100, for the offense of Unlawful Distribution of a Controlled Dangerous Substance, After Former Conviction of a Felony, his punishment was fixed at thirty (30) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Ronald Wayne Clodfelter, a chemist for the Oklahoma State Bureau of Investigation, testified that an evidence envelope, State's Exhibit 1, bearing Seal Number 1628, was received by the Bureau on July 24, 1972, from Officer Jim Willis; that on October 4, 1972, he performed ultraviolet scan and an infrared analysis of the substance contained in State's Exhibit 1 and determined that, in his opinion, it was amphetamine.

Officer Willis testified that on July 24, 1972, he removed State's Exhibit 1 from the Oklahoma City Police Department Evidence Room and delivered it to the Oklahoma State Bureau of Investigation.

Officer Michael Brown testified that on July 24, 1972, he was working as an undercover narcotics agent; that at about 12:30 a.m. he, a confidential informant, and two girls went to defendant's home. Defendant admitted them into the house and one of the girl's remarked that she wished she had some "speed," to which defendant replied that he had some for sale, but not to give away. Defendant was asked how much he wanted for one gram and he replied, "$25." Defendant gave Brown a plastic bag containing a brownish "gooey" substance.

Brown gave defendant $25 in return. Brown left and about 5:00 a.m. met Officer McBride and together they placed the bag into a crime bureau evidence envelope containing seal number 1628.

Officer McBride testified that on July 24, 1972, he maintained a secret surveillance on Officer Brown and at about 1:15 a.m. saw him, a confidential informant and two females enter defendant's residence. At about 5:00 a.m. he met Brown and conducted a field test for amphetamines on a substance in a plastic bag which Brown had in his possession. The test proved positive and the two officers put the bag in an evidence envelope, bearing seal number 1628. He transported the envelope to the Police Department and placed it the Evidence Locker.

Defendant did not testify nor was any evidence offered in his behalf. The previous conviction was stipulated.

The sole proposition asserts that the instruction on punishment was erroneous. This proposition is well taken. The record reflects that in the second stage of the proceedings, the jury was instructed that the minimum punishment was ten (10) years imprisonment as provided by 21 O.S. § 51. The Information reflects that the defendant was charged with Unlawful Distribution of a Controlled Substance, Amphetamine, After Former Conviction of the offense of Sale of Marijuana. In Ellison v. State, Okl.Cr., 493 P.2d 837, we stated in the first Syllabus:

"Where information for Possession of Narcotics alleges two or more convictions for violations of narcotic or marijuana law, defendant is subject to punishment prescribed under specific legislation relating to narcotics, and not habitual criminal statute."

The judgment and sentence is accordingly modified to a term of fifteen (15) years imprisonment and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.