Samuel Nelson **WEBB**, Jr., Appellant,

v.

**The STATE of Oklahoma, Appellee.**

No. F–76–262.

Court of Criminal Appeals of Oklahoma.

June 8, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant; Samuel Nelson Webb, Jr., pro se.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Samuel Nelson Webb, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–4229, for the offense of Robbery With Firearms, in violation of 21 O.S.Supp.1974, § 801. The jury fixed his punishment at eighteen (18) years' imprisonment, and from said judgment and sentence an appeal has been perfected to this Court. See, _Webb v. State_, Case No. PC–76–211 (April 7, 1976).

Briefly stated, at the trial the State's evidence established that at about 3:40 p. m. on December 2, 1974, the manager of the Wilshire Apartments in Oklahoma City was robbed at his office of over $800 by two black males wearing ski masks and brandishing pistols. Defendant subsequently confessed to being one of the gunmen, and informed authorities that a stolen automobile had been used in the commission of the robbery. The stolen vehicle was then discovered at the location defendant described.

In testifying in his own behalf, defendant introduced the defense of alibi, and explained that he previously confessed only because the investigating officers asserted that his uncle had been implicated and would be imprisoned for the crime. He further testified that he learned the details surrounding the commission of the offense from the investigating officer who repeatedly read from the police report. Defendant admitted two prior felony convictions

for Theft Over $50 and a Dyer Act Violation. One other witness testified for the defendant in support of his defense of alibi.

■ The first assignment of error raises the issue of the sufficiency of the evidence to support the verdict. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State*, Okl.Cr., 468 P. 2d 805 (1970).

■ The final assignment of error presents the question of whether the sentence is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See, *LaRue v. State*, Okl.Cr., 404 P.2d 73 (1965).

■ Defendant has filed a supplemental brief, pro se, alleging that his conviction cannot be sustained for the reason that his confession was not corroborated by independent proof of the corpus delicti, and cites *Moreno v. State*, Okl.Cr., 504 P. 2d 1241 (1972), and *Shires v. State*, 2 Okl. Cr. 89, 99 P. 1100 (1909). These cases are authority for the well settled principle that an extrajudicial confession is insufficient to support a conviction without additional independent proof of the corpus delicti. Defendant acknowledges that other evidence introduced by the State established that the robbery was committed, but argues that there was insufficient proof of the corpus delicti to corroborate his confession since no evidence was presented connecting him with the actual commission of the offense independent of his confession. This contention misconstrues the definition of corpus delicti and the extent of the proof necessary for corroboration of a confession. The corpus delicti means, when applied to any particular offense, the actual commission by someone of the particular offense charged. The corpus delicti may be established without showing that the offense charged was committed by the accused. Where the corpus delicti is established by independent evidence, a conviction based upon defendant's voluntary confession is warranted. See, *Simmons v. State*, 94 Okl.Cr. 18, 229 P.2d 615 (1951), and *Gorum v. State*, 60 Okl.Cr. 248, 63 P. 2d 765 (1936), together with authority collected therein. In the present case, the testimony of the manager of the victimized apartments and his secretary established that the robbery was committed, and the State therefore clearly established the corpus delicti by evidence independent of defendant's confession which was then sufficient to sustain the conviction. We therefore conclude that this proposition is without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, AFFIRMED.

BRETT, P. J., and BLISS, J., concur.