Charles F. HENSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–807.

Court of Criminal Appeals of Oklahoma.

June 21, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Charles F. Henson, hereinafter referred to as defendant, was charged, tried and convicted in the Oklahoma County District Court, Case No. CRF-75-862, for the crime of Driving Under the Influence of Intoxicating Liquor After Former Conviction of Driving Under the Influence of Intoxicating Liquor. Trial was had to a jury and punishment was fixed at one and one-half years' imprisonment in the State Penitentiary and a fine of One Hundred Dollars ($100.00). Judgment and sentence followed accordingly, and the Court suspended all but the first ninety (90) days.

Officer Birk, of the Oklahoma City Police Department, testified that on March 5, 1975, he was westbound in the 200 block of N.E. 23rd Street in Oklahoma City and noticed that cars were grouped in front of him going less than ten miles per hour in a thirty mile zone. He caused them to clear one of the two westbound lanes and went past them. He observed a white Chevrolet four-door sedan traveling at a slow speed and weaving. As he approached, the Chevrolet crossed left onto the concrete center median that divides eastbound from westbound traffic on 23rd Street. The Chevrolet moved up onto the median with its right wheels while the left wheels moved off into the eastbound traffic lane. The vehicle then swerved right into the outside lane of westbound traffic, then swerved left so that the two left wheels again came up onto the center median. By this time the car was in the 100 block and swerved right again, crossing both westbound lanes and turning north onto Oklahoma Street. Birk activated his flasher and the Chevrolet stopped about 100 feet north of 23rd Street. As Birk dismounted and approached the Chevrolet, the automobile backed toward him about two feet and Birk announced "Police" and directed the driver to stop, whereupon the driver drove forward about seventy-five feet and turned into an alley, stopping with half of his car still in the street. Officer Birk opened the Chevrolet door and asked the driver, whom he identified in court as defendant, to dismount. As defendant undertook to do so he stumbled and almost fell, then leaned back against his car. Birk asked for his drivers license and put his flashlight to defendant's face, observing his eyes to be bloodshot, glassy appearing, and watering. Defendant's clothing was in disarray, his shirt tail was out and his pants partly unzipped. There was an extremely strong odor of alcoholic beverage about defendant's person and breath. As Birk arrested defendant, the latter again stumbled and almost fell on the way to the police car. In Birk's opinion, defendant was extremely intoxicated. Birk testified that defendant told him he had been to a club that evening and that he worked for an insurance company. Defendant did not produce a drivers license

and told Birk he had consumed three or four drinks.

Defendant testified he was sales manager for the Lincoln Plaza Dinner Theater Club and his duties included setting up the professional entertainment and managing the club in the restaurant there. On March 5th he had worked all day and up until 10:45 that night. He had a virus stomach infection and a mild temperature. At the end of the evening show he had two, or two and a half, drinks which did not sit well on his stomach, so he did not drink any more. He stated his physical condition was "not good"—"pretty rotten" [Tr. 52]. Going home he drove south on Lincoln about fifteen or twenty miles per hour and turned west on 23rd Street. When he saw the officer's red light and heard the warning signal, he might have swerved left and turned right at the next street which was Oklahoma. In stopping he may have put his car in reverse because he was upset at seeing the light and warning signal. When the officer approached and asked him to step out, he did and his feet rolled on the gravel. When the officer asked to see his drivers license, he replied, "I think it's here somewhere," but he did not have it and gave the officer his voter's identification card. He told the officer he was ill. He denied being under the influence of alcohol. He admitted having been convicted of reckless driving in the Municipal Court of Record in December of 1969 and convicted in the same court of operating a motor vehicle while under the influence of intoxicating liquor in February of 1973 and convicted in the Oklahoma County District Court in March of 1974 for the same offense.

■ The first assignment of error raises the issue of the sufficiency of the evidence to support the verdict. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State,* Okl.Cr., 468 P.2d 805 (1970).

■ Defendant's second assignment of error presents the question of whether the sentence is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See, *LaRue v. State,* Okl.Cr., 404 P.2d 73 (1965).

■ As his last assignment of error, it is urged that on cross-examination defendant was asked if he had been convicted in the Oklahoma City Municipal Court of Record of reckless driving and he answered that he had. Defendant contends that this is improper impeachment. We observe that counsel for defendant, in his opening statement, prior to the defendant taking the stand, made the following remarks which appear in the record at pages 48 and 49:

> "The evidence will be further that in 1974 he was arrested and charged with DUI and entered a plea of guilty. Admitted that he was a drunk and confessed to it and pled guilty.

> "The evidence will be further, I didn't know this yesterday and I'll tell you right now, that approximately a year before that he also had a DUI charge in the city.

> "Now, as to his whole driving record or his whole past record, it will all be opened up and he'll tell you what it was, I'm not sure what it was. In *the past he had a reckless driving,* I don't recall

anything else, I don't know if there were any speeding charges or stop violations or whatever. . . ." [Emphasis added]

We further note from the record that on cross-examination when defendant was asked about the reckless driving conviction, no objection was interposed by defense counsel. In *Hampton v. State,* Okl.Cr., 407 P.2d 210, this Court held in the first paragraph of the Syllabus:

> "It is the duty of counsel to raise, at proper time and in proper manner, all objections to the proceedings and save proper exceptions. When this is not done, they are treated as waived, and there are few exceptions to this rule."

Also, in *Williams v. State,* Okl.Cr., 373 P. 2d 85, we stated:

> "The rule is well settled that, ordinarily, a party may not complain of an error which he himself has invited, or which he has waived, either expressly or impliedly. . . ."

In the instant case, we are of the opinion that the question regarding the reckless driving conviction was invited, and further, no objection was interposed thereto.

For all of the above and foregoing reasons, the judgment and sentence appealed from is accordingly, *AFFIRMED.*

BLISS, J., concurs.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge (specially concurring):

I concur that the record in this case supports the conviction. However, it appears to me that this conviction may properly be one to be considered under the provisions of 22 O.S.1971, § 994, assuming that defendant is in a position to show a change in his life habits, during the past year. Therefore, I admonish defense counsel to consider the provisions of the foregoing statute in applying for further consideration by the trial court.