Charles Arthur LEWIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-752.

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1977.

W. L. Funk, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

The Appellant, Charles Arthur Lewis, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF-75-3050, for the offense of Unlawful Distribution of a Controlled Dangerous Substance, After Former Conviction of a Felony, in violation of 63 O.S. § 2-401 ¶ B 2. The jury found the defendant guilty and in the second stage of a bifurcated proceeding, fixed his punishment at ten (10) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

The first witness for the State was Steve Beck who testified that he was an undercover agent employed by the United States Department of Justice. He testified that in June of 1975, he met the defendant through another undercover agent and that the defendant took this witness to the home of a third party and after introductions were made, the third party sold the witness 1000 tablets for $145.00.

The second witness for the State was Edwin Ablers, who testified that he, too, was a government employee and a qualified chemist. After establishing the chain of custody of the drugs in question, he testified that in his opinion the drugs contained amphetamine, a controlled dangerous substance.

The final witness for the State was Mr. Jerry Lee Holt, who testified that he was a co-defendant in the case at bar and was the person who actually sold the drugs to the State's first witness. Mr. Holt further testified that he had entered a plea of guilty to the charge. He then corroborated the testimony of the witness and admitted he had made the sale to Beck after defendant Lewis had made the introductions. He finally testified that he did not give any of the purchase money to the defendant, but did give him drugs in exchange for his services.

In his first assignment of error, the defendant urges that the court erred in instructing the jury concerning the Oklahoma Habitual Criminal Act. More specifically, defendant urges that the trial court erred when it used the Habitual Criminal Act, 21 O.S.1971, § 51, but rather, the trial court should have used the more specific statute found at 63 O.S. § 2–401 ¶ C, which provides for an enhanced penalty for conviction of violation of drug laws after a former conviction of the same. The definition of Second or Subsequent Offenses is found at 63 O.S. § 2–412. We think this argument is totally without merit since even the most cursory examination of the record discloses that the prior convictions upon which the State predicated the After Former Conviction portion of the Information were based on offenses totally unrelated to the drug laws of this State.[1] This Court recently resolved this question in the case of *Hayes v. State,* Okl.Cr., 550 P.2d 1344 (1976), wherein we stated:

"The question before us is whether the punishment for an offense committed under the Uniform Controlled Dangerous Substances Act may be enhanced pursuant to the provisions of 21 O.S. § 51 if the prior offense alleged in the information is a conviction not coming within the purview of said Act.

*     *     *     *     *     *

It is our opinion that the general provisions of 21 O.S. § 51 are applicable in the instant case. To hold otherwise would permit an habitual criminal who is charged with a drug related offense to admit to a prior drug related offense and, by such admission, reduce the limits of possible punishment. Reason and justice do not require such a result, and we do not believe that the Legislature so intended. . . ."

For his second assignment of error the defendant urges that the verdict was not supported by the evidence. A careful examination of the record in this case reveals that there was more than adequate evidence from which the jury could have found the defendant guilty. See, *Fields v. State,* Okl.Cr., 322 P.2d 431 (1958); *Disheroon v. State,* Okl.Cr., 357 P.2d 236 (1960); and *Williams v. State,* Okl.Cr., 373 P.2d 91 (1962). We, accordingly, find this assignment of error to be without merit.

For his final assignment of error the defendant urges that the punishment was excessive. Since the defendant received the minimum punishment prescribed by law, it is quite apparent that the punishment is not excessive, and we find this assignment of error to be without merit.

Finding nothing in the record which would require reversal or justify modification, the judgment and sentence appealed from is accordingly *AFFIRMED.*

BLISS, J., concurs.

BRETT, J., dissents.

---

1. The former felony convictions were Robbery with Firearms, two offenses of Obtaining Money by Means and Use of False and Bogus Check and Incurring Forfeiture of Bail.