Jerry Michael EDWARDS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–79.

Court of Criminal Appeals of Oklahoma.

March 1, 1977.

Don Anderson, Public Defender, W. L. Funk, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Judge:

Appellant, Jerry Michael Edwards, hereinafter referred to as defendant, was

charged, tried, and convicted in the District Court, Oklahoma County, Case No. CRF–74–4277, and Case No. CRF–74–4304, for the crime of Forgery in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1577. It was stipulated and agreed that the above two cases would be tried together. His punishment was fixed at ten (10) years' imprisonment in each case, the sentences to run concurrently. He appeals.

■ The State's first witness, Glen D. Sims, testified that he was the owner and holder of a Sears and Roebuck credit card which had been stolen from him on December 13, 1974. Further, Mr. Sims testified he had not given the defendant or anyone else permission to use his credit card or to sign his name to make purchases.

The State next called Daniel Leroy Evans, an Oklahoma County Sears and Roebuck Company employee. On the night of December 14, 1974, while working in the store, he waited on the defendant who indicated that he wished to purchase a coat. In payment for the coat the defendant produced the above described credit card. This witness, while observing defendant execute the name of Glen D. Sims on the charge ticket, became suspicious, noting the defendant had misspelled the name. When pressed for additional identification and flanked by security guards, defendant broke and ran out of the store. When apprehended by security personnel and returned to the store, witness Evans identified the defendant.

William F. Wolfe, an Oklahoma City Police Officer working off hours as a security man for Sears observed defendant flee from the store, gave chase, and apprehended him one block away.

The State then called another Sears security guard, Virgil Rozelle, who corroborated the testimony of Wolfe. In addition, Rozelle's request that the defendant accompany him to the credit office immediately preceded defendant's flight from the store. Before exiting the store defendant hid the credit card in a suit coat near the door, where it was found by Rozelle.

Proof of the other second degree forgery offense which occurred in a different department of the same Sears store the very same night was offered by Brad Reeser, an employee and salesman therein. Mr. Reeser was on duty in the shoe department on the night of December 14, 1974. There, he observed defendant's shoe purchase with the above described credit card. Again, defendant executed the name of Glen D. Sims on the charge slip. The witness, without hesitation, identified the defendant, the forged signature, and the credit card.

The State's final witness was Detective Henry Handke of the Forgery Division of the Oklahoma City Police Department. He testified that he observed the defendant wearing the Sears' shoes in question upon interviewing him in jail. The State then rested.

The defendant offered no evidence in his behalf.

As his first assignment of error, defendant contends that the evidence was insufficient to support the verdict of the jury. Clearly, this assertion is without merit or foundation. The evidence dispels any reasonable doubt as to defendant's guilt. Consistently we have held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, we will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. See, *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970).

■ Defendant next contends that the punishment imposed is excessive. The jury imposed a penalty well within the statutory range for the crime of Forgery in the Second Degree, After Former Conviction of a Felony. Defendant received the minimum sentence of ten (10) years' imprisonment. We have read the transcript of trial and are convinced that the verdict is supported by the overwhelming weight of the evidence. We have frequently stated that

the question of whether punishment is excessive must be determined by a study of all the facts and circumstances in each case, and that this Court lacks the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See, *LaRue v. State,* Okl.Cr., 404 P.2d 73 (1965). The defendant's last assignment of error is without merit.

The judgment and sentence appealed from is *AFFIRMED.*

BUSSEY, P. J., concurs.

BRETT, J., concurs in results.