**Darrell Dewayne SMITH, Appellant,**

v.

**CITY OF TULSA, Appellee.**

**No. M–82–352.**

Court of Criminal Appeals of Oklahoma.

May 20, 1983.

Elizabeth J. Early, Chief, Municipal Public Defender, Tulsa, for appellant.

Malcom D. Smith, Jr., Asst. City Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Darrell Dewayne Smith appeals from his conviction and sentence for Driving Under the Influence of Alcohol in the Municipal Court of Tulsa, Case No. 324622.

The sole prosecution witness, a State Fire Marshall for the City of Tulsa Fire Department, testified that he had been investigating an arson case when he observed the appellant in a parked automobile about twenty-five feet from where the fire marshall had parked his car. The fire marshall turned on his lights in preparation to leave the scene of the fire and saw the appellant immediately take off at a high rate of speed. The fire marshall followed the appellant in a wild and high speed chase which ended at a hospital where the appellant's car was blocked in near the hospital's emergency entrance. The fire marshall observed the appellant jump out of his car and run into the hospital. After checking to make sure no one else was in the appellant's car the fire marshall had hospital security personnel bring the appellant to him. By personal observation the fire marshall was able to tell that the appellant was clearly maintaining characteristics of intoxication from alcoholic beverages. The appellant was arrested and later transported to jail by police officers.

The appellant's defense essentially consisted of a denial that he had been driving. Two women testified that the appellant had left a bar on the evening in question with another man who was going to drive the appellant home. One of the women testified that she had seen the appellant enter his car as a passenger with the other man driving. The appellant testified that he had been chased by someone and that the man driving his car had driven to the hospital where together they jumped out of the car. The appellant maintained that the driver had escaped out a hospital exit and was never seen again. The appellant admitted that he had been intoxicated.

Appellant urges related issues in his first two assignments of error. In his first assignment of error appellant maintains that the trial court should have sustained his motion for directed verdict because there was a substantial variance between the allegations of the information and the contents of the prosecution's opening statement. It is appellant's view that since the prosecution did not directly address the issue of the appellant's intoxication in its opening statement the appellant was entitled to a directed verdict in his favor. In his second assignment of error appellant argues that it was error to allow the prosecution to introduce testimony concerning the appellant's intoxicated condition after the prosecution failed to specifically address this matter in its opening statement.

We do not agree with either of these contentions. Appellant has failed to

cite any relevant Oklahoma authority in support of these views. Although a reading of the indictment or information is required in felony cases, in Oklahoma there is no statutory mandate that the prosecutor even make an opening statement. 22 O.S.1981, § 831. See also, *Roper v. State,* 49 Okl.Cr. 21, 292 P. 875 (1930). Therefore, we see neither prejudice nor error arising from the prosecutor's failure to specifically address the issue of intoxication in his opening statement.

■ In his third assignment of error appellant argues that the prosecution failed to present a prima facie case of driving under the influence of alcohol. A review of the testimony presented at the trial however, shows that this assignment of error is clearly without merit.

■ In his fourth assignment of error appellant argues that the trial court should have granted a mistrial when in response to the appellant's statement that "I'm not going to lie to you," the prosecutor said, "But you have stolen property from other people before?" An objection was sustained and the jury admonished to disregard the statement. The appellant had previously testified during direct examination that he had three years previously been convicted of a misdemeanor involving fraud or dishonesty, specifically shoplifting. It is our opinion that the admonishment cured any error there may have been. See, *Hayes v. State,* 550 P.2d 1344 (Okl.Cr.1976).

■ In his fifth assignment of error appellant asserts that the trial court erred in failing to give a requested instruction on Public Intoxication. According to appellant's brief an "in-chambers" conference was held between counsel and the court wherein the "stock instruction" on Public Intoxication was requested and denied. The alleged request and subject instruction have however not been preserved in the record. Absent a record, this matter is improperly before the Court and appellant's assignment of error in this regard is without merit. *Doyle v. State,* 578 P.2d 366 (Okl.Cr.1978).

■ In his final assignment of error appellant points out that the sentence imposed was the maximum possible and asserts that it was excessive in view of the facts and circumstances of the case. We do not agree and find the sentence not so excessive as to shock the conscience of the court. *Roberts v. State,* 473 P.2d 264 (Okl.Cr.1970).

For the reasons herein stated, the judgment and sentence appealed from should be and the same is hereby AFFIRMED.

CORNISH and BRETT, JJ., concur.