Leslie Earl ROBERTS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–606.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1980.

Thomas K. Caldbeck, Asst. Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

On appeal from a judgment and sentence of twenty (20) years' imprisonment for Burglary in the Second Degree, After Former Conviction of a Felony, rendered against him in Oklahoma County District Court Case No. CRF–78–5442, Appellant presents two assignments of error. The first of these is Appellant's contention that the trial court erred in failing to give Appellant's requested instructions pertaining to the eyewitness testimony identifying Appellant as one of the perpetrators of the crime.[1]

---

1. DEFENDANT'S REQUESTED INSTRUCTION NO. 1.

"Testimony tending to prove identity is to be scrutinized with extreme care."

"No class of testimony is more uncertain and less to be relied upon that that of identity."

"The possibility of human error or mistake in the probable likeness and similarity of objects and persons are elements that you must act upon in considering testimony passing upon the credibility that you attach to the witness' testimony, and you must be satisfied beyond a reasonable doubt as to the accuracy of the witness identification in the absence of prior familiarity with him is merely the expression of an opinion by a witness and is to be regarded by the jury in the same light as any other opinion that may be expressed by a witness."

"The identity of the defendant must be proven with that degree of moral certainty that amounts to proof beyond a reasonable doubt so as to preclude the probability of mistake having been made."

"Evidence of identity should be as certain as human recollection under the most favorable circumstances will permit. The two greated (sic) constituents of reliability of such testimony are familiar with the person in question, and freedom from prejudice have been determined, it is the duty of the jury to estimate the capacity of the witness for perception, observation, reflection, memory and reasoning, as revealed by him upon the

Under this assignment of error it is argued that the testimony of the state's eyewitness as to identification offered at trial was so inconsistent with prior testimony given at preliminary examination that the cautionary instruction required in *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954), under the holding of *Moreau v. State*, Okl. Cr., 530 P.2d 1061 (1975), should have been given.

Although this Court has referred to the Pennsylvania test in *Moreau v. State*, supra, and *Hall v. State*, Okl.Cr., 565 P.2d 57 (1977), we have never expressly adopted it, but, to the contrary, rejected arguments that the facts in *Moreau* and *Hall* required the giving of such an instruction. The facts in the instant case do not require our adoption or rejection of the test in *Kloiber* for the reason that the evidence, like the evidence in *Moreau* and *Hall*, is positive,[2] and the inconsistencies at all—to consider

whether a cautionary instruction should be given. Some jurisdictions decline to give the cautionary instruction for the reason that it might tend to invade the province of the jury. We await a proper case in which to address this issue.

■ We are further of the opinion that jury instruction number seven[3] given by the trial court, when considered with the other instructions given at trial, was sufficient to enable the jury to properly assess the eyewitness testimony. This assignment of error is without merit.

■ In his second assignment of error, Appellant urges that the trial court erred in refusing to grant the jury permission to re-read the eyewitness testimony. Both Appellant and the State concede that whether to permit the jury to hear testimony a second time after deliberations have commenced is in the sound discretion of the

---

stand. Certainty of identification may indicate not strength, but weakness of power to identify and weakness of the reliability of the witness."

"The identity of the defendant as the culprit must be shown with such certainty as to preclude any possibility of error. An opinion of the identity of the defendant, particularly when it depends upon impressions, obtained in haste and excitement, should be treated with utmost caution. If the jury finds that the witness was honestly mistaken in his identification of the defendant, then a reasonable doubt is created as the guilt of the defendant, and he must be acquitted."
DEFENDANT'S REQUESTED INSTRUCTION NUMBER 2.
"The burden is on the State to prove beyond a reasonable doubt that the defendant is the person who committed the offense with which he is charged. You must be satisfied beyond a reasonable doubt of the accuracy of the identification of defendant as the person who committed the offense before you may convict him. If, from the circumstances of the identification, you have a reasonable doubt whether defendant was the person who committed the offense, you must give the defendant the benefit of that doubt and find him not guilty."

2. The testimony of the eyewitness remained firm, and may be summarized as follows: Three persons, including appellant, whom witness testified he had seen on previous occasions drove up to witness' residence in a car; when one of the three knocked on witness' door and asked to use the bathroom,

but was turned back by witness' wife, the three returned to the car and drove into the driveway of a residence across the street from witness' home. The witness saw two persons, including appellant, leave the car, go toward the house, and, after a few minutes, return to the car with a portable TV and wrapped Christmas packages. From this same vantage point, witness observed the car and license number, which he conveyed to police. Police officers later arrested appellant's two companions in a car matching the description given by witness, with the same license plate, and which contained stolen property.

3. (JURY INSTRUCTION # 7 READS IN PERTINENT PART AS FOLLOWS:)
"You are the judges of the facts, the weight of the evidence and the credibility of the witnesses. In determining such weight or credit you may consider: The interest, if any, which the witness may have in the result of the trial; the relation of the witness to the parties; the bias or prejudice, if any has been apparent; the candor, fairness, intelligence and demeanor of the witness; the ability of the witness to remember and relate past occurrences, and means of observation, and opportunity of knowing the matters about which the witness has testified. From all the facts and circumstances appearing in evidence and coming to your observation during the trial, aided by the knowledge which you each possess in common with other persons, you will reach your conclusions ...."

trial court. *Engram v. State*, Okl.Cr., 545 P.2d 1285 (1976); *Jones v. State*, Okl.Cr., 456 P.2d 610 (1969). We find no abuse of discretion particularly in light of the remarks of the trial judge appearing at p. 135 of the trial transcript: "Mr. Burgan, the foreman of the jury, while we were discussing up here, he was discussing with the other jurors if you will notice. I believe that your back was to him, but I was facing him and he was talking to them and he make the statement into the record that he felt that they could work it out without having it read back to them."

For all the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.