**Van Eugene MORRISON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–136.**

Court of Criminal Appeals of Oklahoma.

May 6, 1981.

R. Keith Jennings and George R. Robinson, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., for appellee.

BUSSEY, Judge:

The appellant, Van Eugene Morrison, was convicted of Manslaughter in the Second Degree in the District Court, Comanche County, Case No. CRF–78–231, and was sentenced to two (2) years' imprisonment. On appeal he urges but one assignment of error, that the evidence was insufficient to support the verdict.

The evidence may be summarized as follows: On February 27, 1978, at about 5:45 p. m., John Yount was shot and killed in a residence in Lawton, Oklahoma. The residence belonged to the appellant and the deceased was a friend and houseguest. The appellant summoned the police and an ambulance within minutes of the shooting. Although initially giving several different versions of the circumstances of the killing, the appellant later repudiated these. According to the appellant's final account as given to the officers, at the time in question, the two men were in a room of the house discussing and handling firearms. The appellant unloaded a .38 caliber handgun, complete with shoulder holster, belonging to the deceased and checked it for need of cleaning. He put the unloaded weapon and cartridges on a footstool near his chair, then left the room for several minutes. Upon his return the appellant picked up the handgun, now on a coffee table near the deceased, and strapped on the shoulder holster. He began to practice a quick-draw, pointing the weapon at a tapestry above the couch on which the deceased was sitting and then easing the cocked hammer back down. As this was going on, he continued conversing with his friend about a problem with the appellant's motorcycle. Finally, the victim stood up from the couch and began to go to the garage where the appellant's motorcycle was. However, the appellant had at that moment drawn the handgun and pointed it at the wall behind the couch and, as he was easing the hammer down, it slipped; the gun discharged and the victim sustained a mortal wound to the chest. The appellant could not later remember whether he had seen, upon his return to the room, the cartridges from the gun out on the stool where he had left them.

We are of the opinion that the judgment and sentence must be affirmed. Where the State presents a prima facie case, conflicts in the evidence are for the trier of fact and the evidence is not insufficient as a matter of law. See Van Buskirk v. State, 611 P.2d 271 (Okl.Cr.1980). Title 21 O.S.1971 § 716 defines manslaughter in the second degree as follows:

"Every killing of one human being by the act, procurement or culpable negligence of another, which, under the provisions of this chapter, is not murder, nor man-

slaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

 The appellant's admitted playful use of a handgun in the presence of another person, where appellant did not check again before using the gun to be sure it was unloaded (especially after the gun had been, according to defense testimony, moved and apparently handled while the appellant was out of the room), resulting in the death of another person, makes, in our opinion, a prima facie case that appellant, through his act of culpable negligence, killed another human being in violation of the statute.

 The appellant further contends in this regard that the trial court erred in overruling a demurrer to the evidence (motion for directed verdict) due to a failure to prove manslaughter in the first degree, as alleged in the information. However, the right to challenge on appeal a ruling on a demurrer to the evidence is waived when, as here, the accused goes forward and offers evidence in the defense case-in-chief. *Shockey v. State*, 524 P.2d 33 (Okl.Cr.1974). Moreover, complaints going to first degree manslaughter would appear to be unavailing since the jury only convicted the appellant of the lesser-included offense, manslaughter in the second degree. Compare *Cottrell v. State*, 458 P.2d 328 (Okl.Cr.1969).

Accordingly, the judgment and sentence should be and is hereby, AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.