**Andy Dean ANDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–80–846.

Court of Criminal Appeals of Oklahoma.

April 13, 1982.

tempted to give aid when the appellant, Anderson, approached. Anderson threatened the victim with a knife. The appellant and his accomplice, Jerry Brooks, then took control of the victim's automobile and demanded their money. In the course of about four hours Anderson severely beat the victim and choked him into unconsciousness with a belt. Also, the appellant brutally forced the victim to submit to anal sodomy as well as numerous acts of oral sodomy. The appellant and accomplice left the victim unconscious on a deserted road, partially clad. The appellant drove away with the victim's automobile.

The sole issue raised on appeal is whether a statement by Officer Smith amounted to an evidentiary harpoon. During cross-examination the following dialogue transpired:

DEFENSE COUNSEL: Now, Mr. Brooks was the one that led you onto this man here (defendant), wasn't he?

OFFICER SMITH: No. Mr. Brooks did tell us that he was with a subject by the name of Troubles.

DEFENSE COUNSEL: That's right.

OFFICER SMITH: And that Troubles was an escapee from the penitentiary.

DEFENSE COUNSEL: Now, Your Honor, I'd like that to be stricken. That's uncalled for.

THE COURT: Objection will be sustained, the answer stricken and the jury is admonished to disregard it.

Alfred K. Hambrick, Midwest City, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia Marie McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

On December 29, 1979, the victim, D. W. P., was returning from a movie with his little brother at about 10 p. m. Their route was blocked by a pickup truck and a man asking for a jump start. The victims at-

In *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980), this Court stated:

A review of the case law reflects the presence of certain features when this Court has found an evidentiary harpoon: (1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are wilfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they are prejudicial to the rights of the defendant on trial.

We find that the statement given by Officer Smith falls within the first five criterion set out in *Bruner*, supra. Therefore, the dispositive question is whether the statement requires this Court to reverse the conviction. In view of the overwhelming evidence establishing the appellant's guilt, we hold that the statement was not so prejudicial to require reversal.

In this case, both of the victims positively identified the appellant as one of the persons who terrorized them for four hours. Both victims also informed the police that one of their attackers was named "Troubles." At trial, it was established that the appellant's nickname was "Troubles." Additionally, forensic chemist, Davis, testified that she microscopically analyzed hair samples taken from the appellant and compared them with an unknown hair found on the victim. She concluded that the hairs taken from the appellant were consistent in all microscope comparisons with the unknown hairs found on the victim. This evidence combined with additional circumstantial evidence introduced at trial overwhelmingly established the appellant's guilt. Lastly, we note that the trial court twice admonished the jury to disregard the police officer's statement. See *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

This Court is convinced that the improper statement did not affect the verdict. We also find that Officer Smith's statement did not unduly prejudice the jury during the sentencing stage of the trial. The appellant was charged with after former conviction of a felony. During the second stage the appellant stipulated to three prior felony convictions. Therefore, at the time the jurors imposed the punishment they were properly informed of the appellant's prior prison record. Thus, we find that the sentence does not require modification. Judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge, specially concurring:

I concur that these convictions should be affirmed. However, I would modify the six (6) counts in which appellant was sentenced to one hundred ninety-nine years (199) plus one day, to a sentence of Life Imprisonment on each count, and otherwise affirm the convictions.