Michael LOVICK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–34.

Court of Criminal Appeals of Oklahoma.

June 10, 1982.

Patti Palmer, Deputy Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Mary McNaughton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Michael Lovick, the defendant, was convicted in the District Court of Comanche County, Case No. CRF–80–120, for the offense of Embezzlement by Bailee, in violation of 21 O.S.1971, § 1455. He was sentenced to three (3) years' imprisonment, and he appeals.

On February 28, 1980, Officer Forguson, a police officer with the City of Lawton, obtained the defendant's release from the city jail where he was being held on traffic charges. This release was pursuant to an agreement the officer had with the defendant, whereby the defendant would set up a narcotics buy in exchange for his release. The defendant had attempted on two previous occasions to arrange such a buy, but had been unsuccessful.

Officer Forguson, the defendant and other officers discussed the procedure the defendant was to follow. The defendant called his "source" and set up a time and location for the "buy." The defendant was taken to the location, and approximately forty-five (45) minutes before the transaction was to occur an officer gave the defendant $2,000.00 with which to make the purchase. The location of the "buy" was in close proximity to the residence of the defendant, and he was instructed to wait in his apartment until the time for the purchase. The defendant took the money and went to his apartment, however, neither the defendant nor his "source" ever appeared at the location set up for the "buy." Two (2) days later the Lawton police were able to apprehend the defendant and place him under arrest. The defendant had already spent a great deal of the money.

At trial the defendant stated that the $2,000.00 had been given to him as compensation for the risks he had taken.

The defendant presents two assignments of error. First, he complains that the evidence presented was insufficient to convict him of Embezzlement by Bailee because the State failed to prove that the fraudulent intent to convert the money to his own use was subsequent to his possession of the money. Secondly, he argues that the facts could support a conviction for Larceny by Fraud, but the trial court failed to instruct the jury on larceny.

■ The distinction between larceny by fraud and embezzlement is sometimes very close. Whether larceny is committed by fraud or whether the taker is guilty of embezzlement is determined with reference to the time when the fraudulent intent to convert the property to the taker's own use arises. *Gibson v. State*, 328 P.2d 718 (Okl. Cr.1958). If the criminal intent exists at the time of the taking of the property, it is

"larceny," but if the intent does not arise until after the defendant receives possession, then it is "embezzlement." *Riley v. State*, 64 Okl.Cr. 183, 78 P.2d 712 (1938).

 In the instant case, there was no direct evidence to indicate when the intent occurred; however, the evidence presented was sufficient for the jury to determine that the crime of embezzlement had been committed. A criminal case may be proved circumstantially and any reasonable inference drawn therefrom has the same probative effect as direct testimony. *Logan v. State*, 493 P.2d 842 (Okl.Cr.1972). This Court has often held that it is the exclusive province of the jury to weigh the evidence and determine the facts. *Jones v. State*, 468 P.2d 805 (Okl.Cr.1970). And where there is competent evidence from which the jury might reasonably conclude that the defendant is guilty, the decision will not be reversed on appeal on a contention that the evidence is not sufficient. *Logan v. State*, supra.

The courts have no power to submit an instruction to a jury authorizing them to convict a defendant of any offense unless it is necessarily included in the offense with which he is charged in the information. *Thoresen v. State*, 69 Okl.Cr.App. 128, 100 P.2d 896 (1940). Larceny is not an included offense in embezzlement; therefore, it was not error for the trial court to fail to instruct on larceny.

The law is well settled that in order to preserve a question for review in this Court, it must be raised in the lower court and an exception taken to the ruling, preserved in the motion for new trial, and presented in the petition in error. Neither of the defendant's propositions of error were in the motion for new trial nor in the petition in error. For that reason alone the proposed errors cannot be considered by this Court. *Hawkins v. State*, 569 P.2d 490 (Okl.Cr.1977).

For the reasons herein stated, the judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.