Jeffrey Don COLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–615.

Court of Criminal Appeals of Oklahoma.

June 10, 1982.

T. Hurley Jordan, Public Defender, David Miller, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted in Oklahoma County of Robbery with Firearms, After Former Conviction of a Felony. The jury imposed a seventy-five (75) year prison sentence. He raises two propositions on appeal.

■ The appellant alleges that the trial court erred in failing to give a cautionary instruction on eyewitness identification. At trial, the appellant did not request any eyewitness identification instructions. In *Oliver v. State*, 568 P.2d 1327 (Okl.Cr.1977) this Court asserted that failure to request a cautionary instruction operates as a waiver unless it appears that the absence of the instruction resulted in a substantial violation of the accused's rights. Further, in *Hair v. State*, 597 P.2d 347 (Okl.Cr.1979), we observed that an instruction is not required:

> ... where (1) the witness had an opportunity to observe the subject clearly, (2) the witness is positive in the identification, (3) the witness' identification is not weakened by a prior failure to identify and (4) the witness' testimony remained positive and unqualified even after cross-examination.

■ In this case, the eyewitness, Ms. Schniers, testified that on January 2, 1981, the appellant walked into the Quick Pantry Store where she was working as a cashier. He walked up to the counter, pulled out a pistol and told her to give him all the money out of the register. Schniers handed the assailant about one-hundred and twenty dollars ($120). He then demanded that she open the store safe. Schniers complied with the demand and gave the assailant two money bags. One bag contained personal checks and the other bag contained about one hundred and twenty-five dollars ($125).

The store safe had a second compartment which required two keys to open it. The assailant told Schniers to open the other compartment to the safe. She informed him that she could not comply because the store manager was the only person who had the other key needed to open it. He again told her to open it or he would kill her. Finally, realizing that she could not open the compartment, the assailant bent under the cashier's counter to get Ms. Schniers' purse. Before leaving the store, the assailant turned to Ms. Schniers, took the gun out, cocked it, pointed it at her face and told her that he would kill her and it would not bother him to do it. However, some-

thing across the street startled the assailant. He put the gun back in his pocket and walked out of the store. After testifying about the robbery, Ms. Schniers positively identified the defendant, Jeffrey Don Cole, as the assailant.

On cross-examination Schniers testified that she observed Cole face to face for approximately four minutes. She also described the shirt and pants he wore on the day of the robbery. She further stated that every night she goes to bed she can see the assailant's face and would never forget that face.

Ms. Schniers' identification of Cole was positive and consistent throughout the criminal proceedings. At no point did she waiver in the identification of her assailant. Therefore, we find that under these particular facts and circumstances, the absence of a cautionary instruction did not result in a substantial violation of Cole's right to a fair and impartial trial. See, *Roberts v. State*, 620 P.2d 425 (Okl.Cr.1980).

Cole lastly argues that the trial court erred in failing to sustain his demurrer to the State's evidence. After the appellant interposed his demurrer and motion for directed verdict, he proceeded to offer evidence in support of an alibi defense. Two women friends of Cole testified that he was asleep in bed at the time the Pantry Foods robbery took place.

 Our general rule provides that a defendant waives his challenge to the State's evidence when he goes forward and offers evidence in his defense. Thus, the issue of sufficiency of the evidence will be determined by a review of the entire record. *Morrison v. State*, 628 P.2d 381 (Okl.Cr. 1981); *Shockey v. State*, 524 P.2d 33 (Okl. Cr.1974). Here, we find that the evidence was sufficient to sustain the jury's finding of guilt. See, *Hill v. State*, 567 P.2d 516, 521 (Okl.Cr.1977).

The judgment and sentence is AFFIRMED.

BRETT, P. J., concurs.

BUSSEY, J., specially concurs.

BUSSEY, Judge, specially concurring:

I agree that the conviction should be affirmed; failure of the defendant to request a cautionary instruction constituted a waiver and it is therefore not properly before us on appeal. The defendant's second contention is likewise totally without merit since the evidence amply supports the verdict of the jury.