Walter WILLIAMS, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–617.

Court of Criminal Appeals of Oklahoma.

July 15, 1982.

Frank K. Berfield, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Reta M. Strubhar, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant, Walter Williams, Jr., was convicted of Robbery with Firearms, After Former Conviction of a Felony. He was sentenced to seventy-five (75) years' imprisonment.

On the evening of December 8, 1979, a man entered Tom's Market and asked the clerk, Ms. Wills, to show him a hat that was located behind the counter. When Ms. Wills turned around with the hat, the man pointed a gun at her and told her to open the cash register. She opened the register and the assailant grabbed a stack of bills from the drawer, which set off an electronic camera. He then ordered her to give him the rest of the money and fled out the back door with approximately one hundred dollars ($100.00).

Ms. Wills set off a silent alarm and the police arrived immediately after the man had fled from the store. When the police arrived, they removed the film from the crime-eye camera. The film was later developed. One photograph was posted on a police information board and others were shown to several police informants.

The informants identified the photograph as being "Black Bear" or "Bear." They informed the police that he would probably be driving a 1971 yellow Cadillac Coupe DeVille and possibly would be in the area of 7th and North Harrison Streets.

The informants' information was used to supplement the original description of the suspect given by Ms. Wills. Using this updated information, the appellant, Walter Williams, Jr., was apprehended while driving a 1971 Cadillac Coupe DeVille. He was placed under arrest and read his *Miranda* rights.

On the same day of the arrest, Detective Sheehan contacted the appellant at the Oklahoma County Jail. The defendant indicated that he understood his rights, and signed a *Miranda* rights waiver form. Detective Sheehan also testified that the appellant confessed to the robbery of Tom's Market. This confession was reduced to writing three days later.

I

■ The appellant asserts the trial court erred in refusing to give his requested cautionary instruction on the issue of identity. The requested instruction warned the jury as to the inherent unreliability of eyewitness identification. It further instructed the jury to scrutinize with extreme care any testimony tending to prove identity.

This Court has held that a cautionary instruction is appropriate where the accuracy of the identification is doubtful. *Hall v. State*, 565 P.2d 57 (Okl.Cr.1977). In *Richardson v. State*, 600 P.2d 361 (Okl.Cr.1979), this Court said, "a cautionary instruction should be given where the eyewitness lacked opportunity to observe the assailant, or where the witness was not positive in his identification, or where the identification was weakened by either qualification or by a failure to identify the defendant on a prior occasion." Supra at 367.

Immediately after the robbery, Ms. Wills described the assailant to the police as being a black male, six feet tall, two hundred pounds, with side burns, and clean-shaven. She also stated that the suspect was wearing sunglasses, a brown hat and a brown leather coat. The only apparent discrepancy was that Williams actually had a beard.

Applying *Richardson*, we find that the witness had ample opportunity to observe the assailant. She testified that the robber was in the store for four to five minutes and observed his facial features at a very close distance for about twenty-five seconds. In fact, Mrs. Wills positively identified the appellant at the preliminary hearing, at a motion hearing, and at trial.

We further note that the State introduced seven photographs which were taken of the appellant during the robbery. The photographs clearly depict the assailant standing in front of the cash register holding a pistol. We hold that under these facts the absence of a cautionary instruction did not deny Williams a fair and impartial trial. See *Roberts v. State*, 620 P.2d 425 (Okl.Cr.1980).

II

■ The appellant also contends that the trial court erred in failing to suppress the in-court identification by Ms. Wills. He asserts that the pre-trial identification procedure was unduly suggestive. This contention lacks merit.

While in custody, a picture of the appellant was taken. This picture, along with five other photographs of black males of similar build, age, and facial features were then shown to Ms. Wills. She immediately, and without hesitation, identified the appellant, Walter Williams, Jr. We find that this identification procedure was not unduly suggestive as to taint the in-court identification. Viewed in light of the totality of the circumstances, we find that the pre-trial identification of the appellant was appropriate. See *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

### III

The appellant next argues that the State did not carry its burden of showing that he knowingly and intelligently waived his *Miranda* rights and, therefore, the trial court erred in failing to suppress the confession. The appellant cites *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), stating that exclusion of incriminating statements is required unless there has been a knowing and intelligent waiver of the defendant's privilege against self-incrimination.

In the instant case, the appellant signed a waiver of his *Miranda* rights. Also, he was experienced in the procedures of the criminal justice system as he had five prior felony convictions.

This Court has repeatedly held that it will not disturb the trial court ruling permitting the introduction of a confession if supported by sufficient evidence that the defendant knowingly and intelligently waived his rights and understood the consequence of this waiver. *Fred v. State*, 531 P.2d 1038 (Okl.Cr.1975), *cert. denied*, 95 S.Ct. 1955, 421 U.S. 966, 44 L.Ed.2d 453; *Castleberry v. State*, 522 P.2d 257 (Okl.Cr.1974); *Warren v. State*, 495 P.2d 837 (Okl.Cr.1972); *Lambert v. State*, 471 P.2d 935 (Okl.Cr.1970).

Further, in *Brown v. State*, 384 P.2d 54 (Okl.Cr.1963), we stated that the ultimate test of admissibility of confessions is a test of voluntariness. If the waiver of one's privilege against self-incrimination is knowing and voluntary and the defendant

decides to confess; it may be used against him at trial. We find that the trial court was justified in ruling that Williams was adequately advised of his constitutional rights and that his statement was knowing and voluntarily given. We will not disturb the trial court's finding.

### IV

The appellant next contends that the twenty year minimum sentencing provision was enacted in a bill which violated the constitutional prohibition against multi-subject legislation. Article 5, § 57 provides that:

> Every act of the Legislature shall embrace but one subject which shall be clearly expressed in its title...

This Court recently addressed this issue in *King v. State*, 640 P.2d 983, 987 (Okl.Cr. 1982). In *King*, we held that 21 O.S.1981, § 51(B) is not violative of Article 5, § 57 of the Oklahoma Constitution. The clauses in the statute are germane and cognate to the subject matter expressed in the title, the title need not set out each clause of the act. *See Jones v. State*, 542 P.2d 1316, 1332 (Okl.Cr.1975).

We have also reviewed the appellant's pro se brief and find his allegation of error to be without merit. Therefore, the judgment and sentence is AFFIRMED.

BRETT, P. J., concurs.

BUSSEY, J., specially concurs.

BUSSEY, Judge, specially concurring:

In *Roberts*, supra, we stated:

> Although this Court has referred to the Pennsylvania test in *Moreau v. State*, supra, and *Hall v. State*, Okl.Cr. 565 P.2d 57 (1977), we have never expressly adopted it, but, to the contrary, rejected arguments that the facts in *Moreau* and *Hall* required the giving of such an instruction. The facts in the instant case do not require our adoption or rejection of the test in *Kloiber* for the reason that the

evidence, like the evidence in *Moreau* and *Hall*, is positive, and the inconsistencies at all-to consider whether a cautionary instruction should be given. Some jurisdictions decline to give the cautionary instruction for the reason that it might tend to invade the province of the jury. We await a proper case in which to address this issue.

The facts in the instant case, like those in *Roberts*, do not present a proper case in which to address this issue. There being no error which would justify modification or reversal, I concur in the affirmance of the judgment and sentence.