**Raymond N. FERGUSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–682.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1984.

As Corrected March 19, 1984.

---

10. The judge who presided over the appellant's trial and over the second stage had left to keep a doctor's appointment. Another district judge completed the proceedings.

Ronald L. Wallace, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Kris Dane Kasper, Legal Intern, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant was convicted in Tulsa County District Court of Murder in the First Degree and of Shooting with Intent to Kill, After Former Conviction of a Felony. He received a sentence of life imprisonment for each crime, the two sentences to run consecutively.

On September 13, 1980, at about 11:45 p.m., Virginia Sue Thomas and Scott Turner, her fiance, walked out of the front door of Ms. Thomas' home. As the couple approached one of the two cars in the driveway, a man, standing behind the other car, said, "Hey, kid", then shot at the couple five times with a twelve-gauge shotgun. Scott Turner, hit in the chest, died immediately. Ms. Thomas, wounded in the arm, retreated into the house. At trial Ms. Thomas identified appellant, her ex-husband, as the attacker.

Appellant's first assignment of error consists of two contentions. First, appellant argues that the trial court erred in allowing Virginia Sue Thomas to testify

after her memory had been refreshed by hypnosis. This question, however, is not properly before us. Only those questions which were raised in the trial court, on which adverse rulings were made, which were then incorporated in the motion for new trial and assigned as error in the petition in error, will be considered on appeal. *Lovick v. State*, 646 P.2d 1296 (Okl.Cr. 1982); *Turman v. State*, 522 P.2d 247 (Okl. Cr.1974). Before trial, appellant made a motion to suppress; that motion was limited to the narrow issue of whether Ms. Thomas should have been permitted to make an in-court identification of appellant as the attacker. On appeal, appellant urges a much broader error: that the trial court erred by permitting Ms. Thomas to testify at all. But, this broader question was not raised at trial. We conclude that appellant has not properly preserved this question for review on appeal.

■ Even if the question were properly before us, we would be unable to consider its merits. Save for the allusions to hypnosis in appellant's motion to suppress in-court identification and motion in limine to exclude "evidence of the hypnotic interview," the subject of hypnosis does not appear in the record. This Court cannot review allegations of error when the matter under complaint is not contained in the record. *Russell v. State*, 556 P.2d 1041 (Okl.Cr.1976).

The second contention contained in appellant's first assignment of error is that the error discussed above was compounded by ineffective assistance of counsel. Specifically, appellant argues that trial counsel's incompetence is revealed by: (1) counsel's failure to object to Ms. Thomas' testimony; (2) counsel's failure to ask questions that would alert the jury to the fact that Ms. Thomas' memory had been refreshed by hypnosis; and (3) counsel's failure to preserve in the record the rulings on his motions.

■ This contention is without substance. Whether or not to object and whether to ask a particular question are matters of trial tactics, and trial tactics are

not indicative of incompetence. *Neilson v. State*, 639 P.2d 615 (Okl.Cr.1981). As to the issue of counsel's failure to preserve the rulings on his motions, this Court faced an analogous situation in *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1981), where we concluded that failure to have portions of a trial recorded may be a mistake, but it is not incompetence. In this case, we cannot conclude that failure to preserve the rulings was even a mistake. The motions to which appellant refers concerned in-court identification and "evidence of an hypnotic interview"; they did not concern the error alleged here: permitting Ms. Thomas to testify. Certainly, counsel cannot be faulted for failing to preserve rulings on motions which did not concern errors urged on appeal.

■ The record does reveal that trial counsel vigorously cross-examined the State's witnesses and attempted to impeach their credibility. He did not hesitate to object when he believed objection was necessary. He presented seven defense witnesses in an attempt to establish an alibi and to undercut the State's case, which was strong. The record indicates that trial counsel's performance met the standard of reasonably competent assistance of counsel announced in *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1981).

■ Appellant's second assignment of error is that the trial court erred in failing to give a cautionary instruction on eyewitness identification. Appellant did not request an eyewitness cautionary instruction. Failure to request such an instruction operates as a waiver unless it appears that the absence of the instruction resulted in a violation of a substantial right of the accused. *Cole v. State*, 646 P.2d 1298 (Okl. Cr.1982). We find that appellant waived it, and that no substantial right of appellant was violated.

■ Appellant's third assignment of error is that the trial court erred when it overruled his oral motion for a mistrial or admonition to the jury after a State witness interjected an evidentiary harpoon. First

of all, we note that this error was not included in appellant's motion for new trial and therefore has not been properly preserved for review on appeal. *Lovick,* supra. Even if it had been properly preserved, it would not require reversal. When asked whether he had a warrant for appellant's arrest, Officer Rob Meir replied that he had a warrant for "First degree murder and shooting with intent to kill, *after-former."* [Emphasis added.]

■■■■ Evidentiary harpoons are generally characterized by certain features: (1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are willfully jabbed rather than inadvertant; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the accused; and (6) they are prejudicial to the rights of the accused on trial. *Anderson v. State,* 644 P.2d 108 (Okl.Cr.1982). Officer Meir's remark arguably satisfies the first five requirements. But, in light of the strong evidence of appellant's guilt, we cannot say the error resulted in prejudice to the appellant. This single hyphenated word—*"after-former"*—was but a drop in the bucket of the State's strong case. We are confident that, had the word not been interjected, the jury would still have returned a verdict of guilty. We conclude that the trial court did not err in refusing to grant a mistrial. We also conclude that the trial court properly refused to admonish the jury to disregard the remark since such admonishment would only have drawn the jury's attention to it and magnified the possibility of prejudice.

■■■ As his final assignment of error appellant argues that the trial court erred when it prohibited the appellant from presenting testimony to attack the credibility of a State witness. This error was not included in appellant's motion for new trial and therefore has not been properly preserved for review. *Lovick,* supra. Even had the error been properly preserved, it would not require reversal in this case.

Troy Birmingham, the State's witness, and appellant were inmates together at the county jail. Birmingham testified that appellant told him he "crouched down and leaned over something, a vehicle and he shot four times; and he [appellant] said he didn't know how he missed her." The defense then put Dewey Jernigan, another county jail inmate, on the stand, and attempted to elicit Jernigan's opinion of Troy Birmingham's reputation for honesty in the community of the Tulsa County jail. The trial judge sustained the State's objection to the testimony.

■■■■ The question of whether or not a witness is qualified to testify as to any matter of opinion is a preliminary determination within the sound discretion of the trial court whose decision must be upheld unless it is shown to be clearly erroneous or a clear result of abuse of judicial discretion. *Randolph v. Collectramatic, Inc.,* 590 F.2d 844 (10th Cir.1979). We find no abuse or clear error here. Jernigan had no knowledge of Birmingham's reputation in the community outside the jail. Although we do not conclude that a county jail may never qualify in itself as a "community" in which one may establish a reputation which may be testified to, it is our opinion that in this case the eighth floor of the Tulsa County jail did not clearly qualify as person is well known and has established a reputation. 98 C.J.S. WITNESSES, § 520(c) (1957). The six cells on the eighth floor of the Tulsa County jail are occupied at any given time by eighteen to twenty-four inmates. This inmate population is transitory, constantly changing; it is not a stable group of people residing together for a substantial amount of time. It is our opinion that such a small constantly changing population is not clearly a community in which one inmate could become well-known and establish a reputation. We conclude that the trial court did not abuse its discretion in precluding the witness from testifying about Birmingham's reputation in the county jail.

Finding appellant's assignments of error to be without merit, we conclude that the judgments and sentences should be AFFIRMED.

BUSSEY, P.J., concurs.

BRETT, J., concurs in results.