**Laurel V. MITCHELL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-497.**

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1987.

On Rehearing March 3, 1987.

As Corrected March 6, 1987.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Laurel V. Mitchell, was convicted of the crime of Possession of a Controlled Dangerous Substance, Heroin, After Former Conviction of Two Felonies in Case No. CRF–83–3366 in the District Court of Oklahoma County and was sentenced to twenty (20) years imprisonment and fined eight hundred dollars ($800), and she appeals.

Briefly stated the facts are that on May 20, 1983, the appellant was transported by an ambulance from the Heritage Park Mall to the Midwest City Hospital emergency room based upon the suspicion of mall security officers, a Midwest City police officer, and the ambulance attendants that she had taken an overdose of drugs. After arriving at the hospital, the appellant was prepared for examination and twelve (12) multi-colored ballons fell out of the right side of her bra onto the sheet on the stretcher. The emergency room nurse delivered the balloons to the police officer who was present. A subsequent analysis of the contents of the balloons by a chemist at the O.S.B.I. laboratory revealed that the substance found in the balloons was diacetylmorphine, or heroin.

The appellant testified that on May 20, 1983, prior to going to the mall she went to a friend's house and smoked a marijuana cigarette laced with PCP. She stated that when she went to her friend's house she had eight hundred dollars ($800) stuffed in her bra, but that she did not recall anything that transpired subsequent to smoking the cigarette laced with PCP until she awoke in the hospital without her money.

At the second stage of the trial, the State introduced the appellant's two former felony convictions for Larceny of Merchandise from a Retailer.

The appellant first contends that the trial court erred in failing to enter a directed verdict of not guilty where the evidence failed to establish the requisite knowledge and intent. The right to challenge on appeal a ruling on a demurrer to the evidence is waived when, as here, the accused goes forward and offers evidence in the defense case-in-chief. *Morrison v. State*, 628 P.2d 381 (Okl.Cr.1981); *Shockey v. State*, 524 P.2d 33 (Okl.Cr.1974). Moreover, the State introduced evidence that twelve balloons containing heroin fell out of the appellant's bra; thereby, creating a reasonable inference that the appellant had knowingly placed the balloons in her bra before she became intoxicated. Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, we will not interfere with the verdict since it is the exclusive province of the jury to weigh evidence and determine the facts. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). This assignment lacks merit.

As her second assignment of error the appellant alleges that the trial court committed fundamental error in giving instruction Number Thirteen (13). We disagree.

The appellant failed to object to the instructions given or proffer suggested instructions; therefore, this assignment has been waived. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). Furthermore, we have reviewed the instructions, and find that when considered in their entirety they fairly and accurately state the applicable law. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980). There is no error.

The appellant next complains that the trial court erred in sentencing her under the provisions of 21 O.S.1981, § 51(B) in that the two prior felony offenses relied

upon by the State for enhancement of her sentence arose out of a series of events closely related in time and location.

In *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr.1983), this Court held that the defendant has the burden at trial of showing that his prior convictions arose out of the same transaction or occurrence or series of events closely related in time and location as forbidden by 21 O.S.1981, § 51(B). In the present case, when the judgments and sentences were admitted at trial, defense counsel stated that he had no objection. Therefore, this assignment was not properly preserved for appellate review and is accordingly without merit. *Id.*

█ In her fourth and sixth assignments of error, the appellant contends that 21 O.S.1981, § 51(B) is unconstitutional as applied to her because it denies her equal protection. She argues that under 63 O.S. 1981, § 2–402(B)(1) a person who is convicted of possession of heroin can be sentenced to no less than two (2) years but no more than ten (10) years, and that for second and subsequent convictions of heroin possession the minimum sentence is four (4) years and the maximum is twenty (20) years; whereas, pursuant to 21 O.S.1981, § 51(B) the minimum sentence she could receive is twenty (20) years because her prior convictions do not fall under the Uniform Controlled Dangerous Substances Act. The appellant essentially maintains that she should have been sentenced as a first time offender under the Uniform Controlled Dangerous Substances Act rather than as a recidivist offender under the provisions of the general habitual criminal statute, 21 O.S.1981, § 51(B). We reject this contention.

This Court was faced with the same issue in *Hayes v. State*, 550 P.2d 1344, 1348 (Okl.Cr.1976):

> The question before us is whether the punishment for an offense committed under the Uniform Controlled Dangerous Substances Act may be enhanced pursuant to the provisions of 21 O.S. § 51 if the prior offense alleged in the information is a conviction not coming within the purview of said Act.... To hold otherwise would permit an habitual criminal who is charged with a drug related offense to admit to a prior drug related offense and, by such admission, reduce the limits of possible punishment. Reason and justice do not require such a result, and we do not believe that the Legislature so intended.

We are of the opinion that the Legislature has clearly enunciated its intent in the distinct provisions of 63 O.S.1981, § 2–402 and 21 O.S.1981, § 51(B), and that there is no equal protection violation because the two statutes do not apply to individuals who are similarly situated. Each statute addresses a situation involving totally different predicate felonies for enhancement purposes. It is clear that the legislature views the drug offender with prior non-drug related offenses to be more culpable than the drug offender with prior drug possession offenses. We find no equal protection violation.

In the instant case, the appellant's two prior convictions do not come within the purview of the Uniform Controlled Dangerous Substances Act; therefore, the appellant's conviction was properly enhanced pursuant to 21 O.S.1981, § 51(B). This assignment is meritless.

█ The appellant also argues that her sentence is excessive. However, as she was sentenced to the minimum sentence allowed by law, the punishment imposed is clearly not excessive. *Edwards v. State*, 663 P.2d 1233 (Okl.Cr.1983).

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.

## ON REHEARING

The petitioner has filed a petition for rehearing in this Court in the above styled and numbered cause.

█ In the petition, petitioner asserts that her sentence should be modified since

21 O.S.1981, § 51 does not provide for a fine. *See Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977). We agree with this contention, and find that the judgment and sentence should be modified to a term of twenty (20) years imprisonment. As modified, the judgment and sentence is affirmed.

IT IS SO ORDERED.