Kirk Douglas BYRD, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–85–558.

Court of Criminal Appeals of Oklahoma.

May 6, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Kirk Douglas Byrd, was convicted of the crime of Robbery with Firearms in the District Court of Tulsa County in Case No. CRF–84–916 and was sentenced to five (5) years imprisonment, and he appeals. We affirm.

Briefly stated the facts are that on January 4, 1984, Jeffery Davis and Alec Whitehouse were inside Davis' apartment when they heard a knock at the door. Davis answered the door and opened it to let in a woman whom he had recently met, and three men jumped from around the corner and forced their way inside. The men, one of whom was later identified as appellant, identified themselves as police officers, and the woman identified Davis as the one who had "ripped her off." The three men, armed with guns, threatened Davis, and then appellant and one of the men went upstairs. Meanwhile, Whitehouse who was upstairs came to the top of the stairs, and

Davis yelled to him to "stash it." (Davis had his money spread out on the bed in his room). After Whitehouse encountered the men who had come upstairs, he was forced to lay on the floor. Subsequently, the men went into Davis' bedroom where they found his money and they stuffed the money in their shirts. While the two men were upstairs, Davis overcame the man downstairs and ran out the door toward the apartment complex office. When he reached the office he informed the manager that he was being robbed, and she contacted the police.

Several months after the robbery Davis saw appellant in a bar, and after a conversation with appellant, he contacted the police. Subsequently, appellant was arrested.

In his sole assignment of error, appellant contends that the trial court erred in failing to give his requested instruction on the offense of Assault and Battery with a Dangerous Weapon. We disagree.

The appellant was charged with the offense of Robbery with Firearms in the information. Although the crime of Assault and Battery with a Dangerous Weapon may have occurred, appellant was not charged with the offense, and it is not a lesser included offense of the crime of Robbery with Firearms. Therefore, the trial court properly refused appellant's proffered instruction. *Lovick v. State*, 646 P.2d 1296 (Okl.Cr.1982). This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.